UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MICHAEL PAUL PADILLA,

        Petitioner,

v.

LYNN DINGLE, Warden, and
MICHAEL HATCH, Attorney General,

        Respondents.

Civil File No. 05-2612 (ADM/AJB)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be SUMMARILY DISMISSED WITH PREJUDICE, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

In July 2003, the Sheriff's Department for Polk County, Minnesota, learned that Petitioner had left some materials used to make methamphetamine at some property owned by his mother. Thereafter, two sheriff's deputies entered the mother's property without her permission, and without a search warrant, and searched for the illicit materials. The deputies found some garbage bags containing drug-making paraphernalia, which were later seized as evidence. Petitioner was then charged with manufacturing and possessing a controlled

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

substance.

During pretrial proceedings, Petitioner filed a suppression motion, claiming that the evidence that the State intended to use against him had been obtained by an illegal search and seizure that violated his constitutional rights under the Fourth Amendment. After a hearing on the matter, the state trial court judge concluded that Petitioner's constitutional rights did not extend to the materials seized at his mother's property, because he did not reside there. Petitioner's suppression motion was therefore denied.

Petitioner subsequently filed a motion for reconsideration, based on an affidavit by his mother. In that affidavit, Petitioner's mother indicated that she had given false testimony at the hearing on the suppression motion, with regard to Petitioner's use of her property as his residence. After considering the mother's recantation affidavit, and conducting a new hearing, (but not a full evidentiary hearing), the trial court denied Petitioner's motion for reconsideration.

A jury found Petitioner guilty of possessing and manufacturing methamphetamine, based on the evidence that had been seized from his mother's property following the allegedly illegal search. Petitioner was sentenced to 134 months in prison, and he is presently serving his sentence at the Minnesota Correctional Facility at Stillwater, Minnesota.

Petitioner appealed his conviction to the Minnesota Court of Appeals, claiming that the trial court judge had erroneously denied his suppression motion and motion for reconsideration. The Court of Appeals rejected Petitioner's Fourth Amendment claims on the merits, and upheld his conviction. The Minnesota Supreme Court later denied Petitioner's application for further review. State v. Padilla, No. A04-336 (Minn.App. 2005), 2005 WL 468316, rev. denied, May 17, 2005.

On November 10, 2005, Petitioner filed his present application for federal habeas corpus relief under 28 U.S.C. § 2254. Petitioner's habeas corpus petition lists two interrelated claims, which challenge the allegedly illegal search of his mother's property. Petitioner contends, as he did throughout his various state court proceedings, that law enforcement officials violated his constitutional rights by entering and searching his mother's property without a warrant, and without adequate justification for a warrantless search.

Petitioner claims that his conviction should be set aside because the allegedly illegal search and seizure, and the subsequent admission of the seized evidence at his trial, violated his rights under the Fourth Amendment. For the reasons discussed below, the Court concludes that Petitioner cannot be granted habeas corpus relief on these claims, and that his petition must be summarily dismissed with prejudice.

## II. DISCUSSION

Petitioner's Fourth Amendment claims are barred by the Supreme Court's decision in Stone v. Powell, 428 U.S. 465 (1976). There, the Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Id. at 482. The holding of Stone v. Powell is clearly applicable here.

The Court is satisfied that Petitioner had a full and fair opportunity to raise his Fourth Amendment claims in his state court proceedings. Indeed, Petitioner had at least two such opportunities -- first at his suppression motion (and motion for reconsideration) before the trial court, and again in his direct appeal. Both the trial court and the Minnesota Court of Appeals

provided Petitioner ample opportunity to present his Fourth Amendment claims. Both of those courts fully considered Petitioner's claims, and both courts decided the search and seizure issues on the merits. Id.

Petitioner may contend that Stone should not be applied here, because the state trial court declined to conduct an evidentiary hearing on his motion for reconsideration of his suppression motion. The Court would reject that argument.

A "full and fair opportunity" to litigate a claim does not mean an unfettered right to raise any argument, supported by any evidence, at any time. In this case, Petitioner had a hearing on his suppression motion, and he was allowed to present evidence in support of his Fourth Amendment claims. The trial court heard the motion, considered the evidence, and rendered a reasoned decision that was affirmed by the Minnesota Court of Appeals.

Petitioner also was allowed to present a motion for reconsideration of his suppression motion – even though, under Minnesota law, courts are not obligated to hear such motions in criminal cases. See Padilla, 2005 WL 468316 at *3. The court held another hearing on the reconsideration motion, (id.), at which Petitioner was allowed to present his new arguments, as well as the new affidavit offered in support of his motion. It appears that the trial court considered the affidavit, and listened to Petitioner's arguments. Although the trial court ultimately denied the motion for reconsideration, apparently without conducting another evidentiary hearing, that does not mean that Petitioner was denied a reasonable opportunity to present his Fourth Amendment claims. See Reasoner v. Rode, No. 89-15857 (9th Cir.), 1990 WL 38068 (unpublished opinion) at *1 (habeas petitioner's Fourth Amendment claims were barred by Stone v. Powell, because he received a full and fair state court hearing on his

claims, even though the state court declined to even consider newly discovered evidence that purportedly would have supported petitioner's claims), cert. denied, 498 U.S. 842 (1990); Johnson v. Reynolds, No. 97-6303 (10th Cir. 1999), 1999 WL 686832 (unpublished opinion) at * 5 (where habeas petitioner had previously had a full and fair opportunity to litigate his Fourth Amendment claims in the state courts, he could not overcome the rule of Stone v. Powell by claiming that state courts failed to consider new recantation evidence bearing on his claims), cert. denied, 528 U.S. 1140 (2000).

Furthermore, Petitioner has offered no reason to believe that an evidentiary hearing could have affected the outcome of his motion for reconsideration. He has not demonstrated – or even suggested – that an evidentiary hearing would have produced any evidence beyond that which was already before the trial court in his mother's affidavit. Petitioner cannot claim that the lack of an evidentiary hearing deprived him of a full and fair opportunity to litigate his Fourth Amendment arguments, when he has not identified any new and material evidence, (beyond what was already in the affidavit), that he would have presented at such a hearing. In short, Petitioner has not shown that there was any reason to hold an evidentiary hearing.

Thus, the Court concludes that Petitioner did receive a full and fair opportunity to present his Fourth Amendment claims in the Minnesota state courts, and, accordingly, that Stone v. Powell precludes him from raising those claims in a federal habeas corpus proceeding. The Court will therefore recommend that the instant petition be summarily dismissed, with prejudice, pursuant to Rule 4 of the Governing Rules.

Finally, Petitioner's habeas corpus petition was accompanied by an application to

proceed in forma pauperis, ("IFP").  (Docket No. 2.)  That application will be denied as moot, as Petitioner has now paid the full $5 filing fee for this action, and he has not shown that IFP status was sought for any purpose other than to be excused from that fee requirement.

## III.  RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

(1) Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

(2)  Petitioner's Application for a Writ of Habeas Corpus, (Docket No. 1), be **DENIED**; and

(3) This action be **DISMISSED WITH PREJUDICE**.


DATED: November 28, 2005

        s/ Arthur J. Boylan  
        ARTHUR J. BOYLAN  
        United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before December 13, 2005.