UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael Paul Padilla,

            Petitioner,

v.

Lynn Dingle, Warden, and
Michael Hatch, Attorney General,

            Respondents.

**MEMORANDUM OPINION AND ORDER**
Civil No. 05-2612 ADM/AJB

_____

Michael Paul Padilla, *pro se*.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Petitioner Michael Paul Padilla's ("Petitioner") Objections [Docket No. 5] to Magistrate Judge Arthur J. Boylan's Report and Recommendation ("R&R") [Docket No. 4] of November 28, 2005. The R&R recommends that Petitioner's Petition for Writ of Habeas Corpus ("Petition") [Docket No. 1] be dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons set forth below, the R&R is adopted. The procedural and factual background, described in the R&R, is incorporated by reference for review of the Petitioner's present Objections.

## II. DISCUSSION

In reviewing an R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." Id.

Petitioner objects to the R&R's conclusion that his Fourth Amendment claims are barred by the Supreme Court's decision in Stone v. Powell, 428 U.S. 465 (1976). Petitioner contends that he did not have an opportunity for "full and fair litigation" in the Minnesota state courts with respect to his Fourth Amendment claims because his suppression motion was denied in part on the basis of perjured testimony, and his motion to reconsider the suppression motion along with an affidavit recanting the prior perjured testimony was also denied. Petitioner's suppression motion and his motion to reconsider were initially denied by a Minnesota state trial court judge. Petitioner later appealed his conviction to the Minnesota Court of Appeals on the same grounds that he asserts in the instant Petition, and after considering Petitioner's claims on the merits, the court denied Petitioner's appeal. Next, the Minnesota Supreme Court denied Petitioner's application for further review. State v. Padilla, No. A04-336, 2005 WL 468316 (Minn. Ct. App. Mar. 1, 2005), rev. denied, May 17, 2005.

In Stone, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. at 482. The Eighth Circuit has considered how to determine whether a habeas petitioner has had an opportunity for full and fair litigation of his Fourth Amendment claims in state court, and has concluded that "a Fourth Amendment claim is Stone-barred, and thus unreviewable by a federal habeas court, unless either the state provided no procedure by which the prisoner could raise his Fourth Amendment claim, or the prisoner was foreclosed from using that procedure because of an

unconscionable breakdown in the system." Willett v. Lockhart, 37 F.3d 1265, 1273 (8th Cir. 1994) (en banc). A federal court is "not to consider whether full and fair litigation of the claims *in fact* occurred in the state courts, but only whether the state provided an opportunity for such litigation." Id. (emphasis in the original).

It is undisputed that Petitioner's claims were reviewed on the merits by both the state trial court and the Minnesota Court of Appeals. Petitioner does not allege that his claims were not reviewed but rather that the courts relied on perjured testimony and came to the wrong conclusion. Petitioner's claims fail to survive the Willett test. Even if Petitioner were correct, and even if this Court had the power to consider whether "full and fair litigation *in fact* occurred," Petitioner's claims still fail. In considering Petitioner's appeal from his conviction on the merits, the Minnesota Court of Appeals expressly held that substantive evidence other than the recanted perjured testimony independently supported the trial court's decision to not suppress the evidence. Padilla, 2005 WL 468316, at *3. In addition, Petitioner's application for leave to proceed *in forma pauperis* is denied as moot.

## III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The R&R [Docket No. 4] is **ADOPTED**;

2. Petitioner's Objections [Docket No. 5] are **DENIED**;

3. Petitioner's Petition for Writ of Habeas Corpus [Docket No. 1] is **DENIED**; and

4. Petitioner's application for leave to proceed *in forma pauperis* [Docket No. 2] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: January 13, 2006.